| 4 | 77 |
|-----|-----|
| 111 | 949 |

| 4 | 77 |
|-----|-----|
| 124 | 230 |
| 124 | 233 |

## SUCCESSION OF HEBERT.

Where a surviving father claims to have the interests of minor children in property forming part of the community of acquets and gains adjudicated to him, and the adjudication is recommended by a family-meeting, the under-tutor alone has a right to oppose it in behalf of the minors. Relations of the minors have no right to interfere in such a case, on their behalf. In the event of a collision of interest between the father and natural tutor and the child, the duty of representing the minor is confided to the under-tutor.

APPEAL from the District Court of Assumption, *Randall*, J. *Janin* and *M. Taylor*, for the appellant. *Mathiat*, for the opponent. The judgment of the court was pronounced by

EUSTIS, C. J. This is an appeal taken by *Rosemond Simoneau*, from a decree of the court of the Fifth Judicial District, by which a new appraisement was ordered of certain property which he owned in common with his minor children, who held in the right of the their deceased mother. The appellant had claimed to have the interest of his children in the property adjudicated to him at the appraisement made in the inventory of the succession of their deceased mother, and a family-meeting had advised the adjudication. The effect of the decision appealed from is to defeat this adjudication, as demanded by the surviving husband at the original appraisement, a new one having been ordered, and another family-meeting being also ordered to deliberate on the interests of the minors touching the adjudication thus demanded by the father. It appears that the application for the adjudication was opposed in the District Court by the maternal uncle of the minor, who has appeared as appellee in this suit. His right to interfere as a party in the proceedings was contested by the appellant, on the ground of want of interest, and that the under-tutor was the only party competent to appear for the minors against the father, who was their natural tutor· The district judge however, overruled the objections, and on this opposition proceedings were had and evidence was taken which resulted in the decree of the District Court, from which this appeal was taken.

We think the opposition ought to have been dismissed, its allegations not having been sustained· We do not undertake to lay down any limit to the discretion of courts in protecting the property of minors from spoliation. The law gives ample powers to courts to effect that object. It supposes that their interests are safe in the hands of the tutor and under-tutor, acting under the supervision of courts; and we cannot recognize the right of relations to interfere, on all occasions, in the judicial proceedings between the father and the legal representative of the children. Those who take upon themselves to protect the property of children, ought to bear in mind that they have other

SUCCESSION
OF
HEBERT.

interests besides pecuniary ones, and that their future welfare is dependant in a great measure on the good repute and well being of the father. The law in committing the interests of the child to the instinct of parental affection, has made the best provision for their protection; and, in the event of a collision of interest between the father and child, the duty of representing the minor is confided to the under-tutor.

We are led to make these remarks because the father is charged with fraud in the opposition made by the uncle, and because we find no ground for the accusation, and we believe the scandal of this suit will do great injury to the minors, and, on a deliberate view of their best interests, it were better that they had been left as the law has left them, to the good faith of the father and the supervision of the under-tutor. The adjudication of the common property to the surviving parent is not founded upon the narrow consideration of pecuniary advantage, but, as has been well observed by counsel, in the greatest good of the children. It enables the parent to continue the former business of the community, and secures to the children their home with all its associations.

Notwithstanding this opinion which we entertain, we are called upon to affirm or reverse the decision of the district judge. The judge was of opinion that the family-meeting was not properly composed, and refused to homologate their proceedings. Although the nullity resulting from this informality may not have been radical, yet, as we cannot say that the judge erred in refusing to act on their deliberations in confirming the adjudication, it is obvious that his decree must stand in this respect. As so much time has elapsed since the appraisement, which was made on the 1st of February, 1848, there would be no propriety in disturbing the order for a new appraisement at this time.

The judgment of the District Court is, therefore, affirmed, with costs; and it is further ordered that the opposition of *Drosin Hébert* be dismissed.